[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 15, 2008
THOMAS K. KAHN
CLERK

No. 07-13910
Non-Argument Calendar

D. C. Docket No. 05-00277-CV-FTM-99-DNF

WALLACE INTERNATIONAL TRUCKS, INC.,

Plaintiff-Counter-Defendant-Appellee,

versus

MAGRUDA TRUCKING COMPANY, LP.,

Defendant-Counter-Claimant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(February 15, 2008)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This is a dispute between a licensed dealer and distributor for International Truck and Engine Corporation, Wallace International Trucks, Inc., the plaintiff, and a transportation and trucking enterprise, Magruda Trucking Company, LP, a limited partnership, the defendant. From December 2002 through April 2004, Magruda purchased numerous tractors, trailers, and dump trucks from Wallace. When the dealer-customer relationship between the two firms collapsed, and efforts at reconciliation failed, Wallace brought this action, asserting conversion, breach of contract, fraudulent misrepresentation, and an account stated. After the parties joined issue and discovery was completed, the case was tried to the bench.

On the basis of the evidence presented and counsel's arguments, the district court found for Wallace and awarded it compensatory damages for breach of contract (Counts II, V, and VII), punitive damages for conversion (Count I) and fraudulent misrepresentation (Count IV), and the balance due on the account stated. The compensatory damages (included the amount due on the account stated) totaled $130,938, punitive damages totaled $179,750, and prejudgment interest amounted to $26,925. Magruda now appeals, challenging the district court's findings of fact and conclusions of law on the Count I conversion claim and the Count IV fraud claim and its award of punitive damages on those counts. In addition, Magruda takes issue with the court's calculation of compensatory

damages, its refusal to grant Magruda an offset, and its calculation of prejudgment interest.

The primary witnesses at trial were James Boncosky, who presented most of Wallace's case, and Vernon Magruda, one of Magruda's principals and the key to its case. Their testimony conflicted in several material respects. The court, as trier of fact, rejected Magruda's version of what happened, finding him "severely lacking in believability and credibility," and accepted Boncosky's testimony as true. The record fully supports the court's credibility choices and, given the other evidence before it, its findings of fact. Thus, we find no clear error in the court's findings of fact or error in its conclusions of law in holding Magruda liable on the counts at issue. We likewise find no clear error or misapplication of the law in the court's calculation of compensatory damages and its award of punitive damages. The court's judgment is therefore due to be, and is,

AFFIRMED.